



# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

D C. MANN
ATTORNEY GENERAL

February 24, 1939

Hon. John J. Bell, Chairman
House Liquor Traffic Committee
House of Representatives
Austin, Texas

Dear Sir:

Opinion No. O-337
Re: Constitutionality of House
Bill No. 287

Your letter of February 11th, transmitting a copy of House Bill No. 287 together with the inquiry as to its constitutionality, is received.

Section 20, Article 16, Constitution of Texas, being the amendment adopted August 24, 1935, states:

"The open saloon shall be and is hereby prohibited. The Legislature shall have the power, and it shall be its duty to define the term 'open saloon' and enact laws against such."

The Legislature was promptly called into special session, and in compliance with the constitutional mandate, defined the term, "open saloon" to mean:

"Any place where any alcoholic beverage whatever, manufactured in whole or in part by means of the process of distillation, or any liquor composed or compounded in part of distilled spirits, is sold or offered for sale for beverage purposes by the drink or in broken or unsealed containers, or any place where any such liquors are sold or offered for sale for human consumption on the premises where sold."

A constitutional provision may not mean one thing today and another tomorrow. It must have a uniform meaning. We doubt if a department of the State Government whose jurisdiction is limited by a constitutional provision may have the continuing power to change the constitutional limitations.

n. John J. Bell, February 24, 1939, Page 2.


The definition of the term, "open saloon," contained in the Act of the Legislature passed contemporaneously with the adoption of the amendment, if not controlling, certainly is entitled to great weight in determining the exact question upon which the people voted, and the Legislature, in our opinion, may not now define the term, "open saloon," as being something different from what it was generally understood to be at the time the people voted on the proposition that "the open saloon shall be and is hereby prohibited."

We therefore answer that House Bill No. 287 is, in our opinion, unconstitutional.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By      A. S. Rollins<br>
Assistant

ASR:PBP

APPROVED:

ATTORNEY GENERAL OF TEXAS